**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | Case No. 25-cv-12173 |
| Plaintiffs, | |
| v. | Hon. Sara L. Ellis<br>District Judge |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, | |
| Defendants | |
| STATE OF ILLINOIS, a sovereign state; and the CITY OF CHICAGO, an Illinois municipal corporation, | |
| Plaintiffs, | |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY; *et al.*, | Case No. 26-cv-00321 |
| Defendants. | |

**MOTION TO REASSIGN RELATED CASE**

On January 12, 2026, Plaintiffs State of Illinois and the City of Chicago filed a complaint arising from Defendants' illegal actions during their immigration enforcement campaign in Illinois. This case ("*Illinois*") shares a significant overlap in factual and legal issues with *Chicago Headline Club v. Noem*, No. 25-cv-12173, which is currently pending before Judge Ellis. Plaintiffs move to reassign the newer case to Judge Ellis's calendar. In support of this motion, Plaintiffs state as follows:

1

1. Local Rule 40.4 addresses the procedures for reassignment of related cases. Local Rule 40.4(a) treats cases as related if any "one or more" of the following conditions are met: (1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same." Although Plaintiffs must satisfy only one of the four requirements, here, the cases are related under Rule 40.4(a)(2) and Rule 40.4(a)(3).

2. Both cases involve the same issues of fact related to Defendants' conduct in Illinois last year. The *Chicago Headline Club* case asserts a series of Administrative Procedure Act (APA) and constitutional claims related to the tactics employed by Defendants during their incursion in the Chicago area last year. The factual overlap includes numerous specific allegations of Defendants' authorization of and actual use of excessive force against Illinois residents and of Defendants' widespread practice of illegal warrantless arrests. Similarly, the *Illinois* case asserts APA and constitutional claims as to these illegal tactics. Because of the significant overlap among the cases, the two cases have almost the identical set of defendants. The defendants in *Chicago Headline Club* include Defendants DHS, ICE, CBP, Noem, Lyons, Hott, Scott, and Bovino. Those are the same defendants in *Illinois*. Although the *Illinois* case challenges Defendants' tactics that are not in the *Chicago Headline Club* case, Rule 40.4(a) does not require an identical overlap of factual issues, only that "some" of the factual issues are the same, which they are here. *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20-cv-2523, 2020 WL 8367421, at *2 (N.D. Ill. Sep. 4, 2020) ("L.R. 40.4(a)(2) does not demand a complete identity of legal and factual issues.").

3. The cases also have overlapping legal issues concerning the same set of facts, namely, whether Defendants' policies of warrantless arrests and the indiscriminate use of tear gas violate the Administrative Procedures Act, and if those actions were arbitrary and capricious or contrary to law. Although the two cases also raise differing constitutional and other claims, Rule 40.4 does not require an identical overlap of legal issues.

4. The cases also grow out of the same transaction or occurrence—Defendants' coordinated program of violent and unlawful conduct in the Chicago area as part of their so-called immigration "surge" last year. In fact, both cases are about only this "transaction or occurrence," and this complete overlap is a strong indicator of relatedness. Thus, the two cases are related under Rule 40.4(a).

5. Local Rule 40.4(b) dictates that a case may be reassigned to the same judge as a related case if (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding. All four requirements are satisfied here.

6. Both cases in this instance are pending in the Northern District of Illinois, so the first condition is met. Reassignment in this instance would save significant judicial time and effort. As stated above, both cases arise out of Defendants' conduct in Illinois last year as part of the immigration surge, and the factual allegations significantly overlap. Judge Ellis is thoroughly familiar with the many of the facts alleged in the *Illinois* complaint, having reviewed many hours of video footage and deposition testimony in *Chicago Headline Club* about the same incidents alleged in *Illinois*. Disposition of some of the claims in *Illinois* will likely rely on much of the

same evidence as in *Chicago Headline Club*. Reassigning the case to Judge Ellis will save significant judicial time that another judge would have to spend familiarizing themselves with the voluminous evidence. *See Portis v. McKinney*, No. 21-cv-2842, 2021 WL 4125107, at *2 (N.D. Ill. Sep. 9, 2021) (reassigning case where "it would be inefficient for two judges to get up to speed" on the same issues). *See also Ewing v. Carrier*, 35 F.4th 592, 594 (7th Cir. 2022) ("The judiciary has an interest, independent of litigants' goals, in avoiding messy, duplicative litigation.").

7. As noted above, both cases raise the same legal issues under the APA about the same set of facts. Reassignment will ensure consistent rulings on these issues. *See Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, No. 18-cv-6109, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019). In sum, because both cases will require a court to "tread much, if not all, of the same ground," reassignment is appropriate here. *Sha-Poppin Gourmet Popcorn*, 2020 WL 8367421, at *3.

8. Reassignment of *Illinois* is not likely to delay the proceedings of *Chicago Headline Club*. No discovery or briefing schedule is currently in place in *Chicago Headline Club*. As of the time of this filing, a motion to dismiss is pending in *Chicago Headline Club*. A hearing on that motion is scheduled for January 22, 2026. If the case proceeds, it will move to additional discovery and likely summary judgment; similar process will be needed in *Illinois*. As noted above, the discovery that was already conducted in *Chicago Headline* is relevant to the *Illinois* case. Both cases are at approximately the same stages and will not "substantially" delay the other.

9. Finally, both cases are susceptible to disposition in a single proceeding. As previously stated, both cases share significant factual and legal issues that render disposition in a

single proceeding possible, especially because both cases seek similar relief against the same defendants. Rather than imposing varying judgments on the same issues against the same defendants, the better course is to impose a consistent, uniform judgment, if Plaintiffs succeed. Subsequent developments may make resolution through a single proceeding improper, but the rule does not require certainty, especially at this early stage, that the cases can be resolved in a single proceeding but only susceptibility. For these reasons, the conditions of 40.4(b) are met.

10. Rule 40.4 also states that motions for reassignment "should not generally be filed until after appearances of all parties have been filed in each of the proceedings involved" to ensure that "all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment." Though the instant motion has been filed prior to Defendants' appearance in *Illinois*, Plaintiffs will provide a copy of this motion to defense counsel as soon as they file appearances or communicate with the undersigned attorneys.

11. For these reasons, Plaintiffs in *Illinois* respectfully seek reassignment to the calendar of Judge Ellis, who is presiding over the lower-numbered *Chicago Headline Club* case.

Dated this 12th Day of January, 2026.

 KWAME RAOUL
 *Attorney General of Illinois*

 By: */s/ Vikas Didwania*    .
 CARA HENDRICKSON
 Executive Deputy Attorney General
 PAUL BERKS
 VIKAS DIDWANIA
 Complex Litigation Counsels
 MARY GRIEB
 ELIZABETH JORDAN
 EMILY HIRSCH
 ALEXANDRA REED
 CHRISTINA BEELER
 R. HENRY WEAVER
 Assistant Attorneys General
 Office of the Illinois Attorney General
 115 South LaSalle Street
 31st Floor
 Chicago, Illinois 60603
 (312) 814-3000
 Paul.Berks@ilag.gov
 Vikas.Didwania@ilag.gov
 Emily.Hirsch@ilag.gov

 MARY B. RICHARDSON-LOWRY
 *Corporation Counsel of the City of Chicago*

 By: */s/ Stephen Kane*
 Stephen Kane
 John Hendricks
 Rebecca Hirsch
 Chelsey B. Metcalf
 Rachel Zemke
 Psalm Brown
 John Kauffman
 City of Chicago Department of Law
 121 North LaSalle Street, Room 600
 Chicago, Illinois 60602
 312-744-6934
 stephen.kane@cityofchicago.org

 *Counsel for the City of Chicago*

6