UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

STATE OF ILLINOIS, a sovereign state;

CITY OF CHICAGO, an Illinois municipal corporation;

Plaintiffs,

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;

KRISTI NOEM, in her official capacity as Secretary of Homeland Security;

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT;

TODD M. LYONS, in his official capacity;

et al.,

Defendants.

Cause No. 1:26-cv-00321

FILED

JAN 23 2026

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## BRIEF OF AMICUS CURIAE

### ELDER MMOJA AJABU,

### DIRECTOR OF PAN-AFRIKAN AFFAIRS

### FOR THE BLACK PANTHER MOVEMENT,

### IN SUPPORT OF PLAINTIFFS

### RAISING THE CONSTITUTIONAL QUESTION OF TYRANNY

### INTEREST OF AMICUS CURIAE

Amicus Curiae Elder Mmoja Ajabu, Director of Pan-Afrikan Affairs for the Black Panther Movement, respectfully submits this brief in support of the Plaintiffs, the State of Illinois and the City of Chicago, to address a constitutional issue of exceptional importance that transcends the statutory and administrative questions before this Court:

Whether the conduct challenged in this action reflects the emergence of executive tyranny incompatible with the structure, text, and spirit of the United States Constitution.

Amicus's interest is grounded in the defense of human dignity, civilian governance, and the constitutional safeguards designed to restrain executive power—particularly where enforcement actions disproportionately burden historically targeted and marginalized communities.

No party or counsel for any party authored this brief in whole or in part, and no person other than Amicus made a monetary contribution to its preparation.

## SUMMARY OF ARGUMENT

This case is not merely about immigration enforcement. It concerns whether executive power may be exercised without constitutional restraint, judicial oversight, or respect for state sovereignty.

The Framers understood tyranny not as rhetoric, but as a legal condition: the accumulation and exercise of power without accountability, without consent, and without lawful limitation.

**The Federalist No. 47 (Madison).**

When executive agents:

Conduct warrantless or pretextual seizures,

Engage in roving or militarized enforcement without clear statutory authority,

Disregard state and municipal governance,

Employ force or intimidation absent judicial oversight, and

Operate in contempt of constitutional norms,

the issue is not isolated illegality—it is tyranny, which the Constitution was expressly designed to prevent.

## ARGUMENT

### I. Tyranny Is a Constitutional Concept Embedded in American Law

The Constitution was drafted in response to abuses of unchecked executive and military authority. James Madison warned:

"The accumulation of all powers, legislative, executive, and judiciary, in the same hands...may justly be pronounced the very definition of tyranny."

— The Federalist No. 47

This principle is enforceable constitutional law.

Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 635–38 (1952) (Jackson, J., concurring).

### II. Executive Lawlessness Constitutes Tyranny Even Without Formal Dictatorship

Tyranny does not require suspended elections or dissolved courts. It emerges incrementally through normalized emergency powers, selective enforcement, executive contempt for judicial review, and use of force absent lawful authority.

The Supreme Court has held that executive necessity does not override constitutional limits.

Hamdi v. Rumsfeld, 542 U.S. 507, 535–36 (2004).

Unchecked enforcement power, particularly when insulated from local accountability, becomes structurally indistinguishable from tyranny.

### III. Federalism and the Tenth Amendment Are Anti-Tyranny Safeguards

Federalism is a substantive constitutional protection. The Tenth Amendment reserves powers to the States and the People.

When federal agents override state and municipal authority or employ coercive force to undermine local governance, federal supremacy becomes federal domination, which the Constitution forbids.

Printz v. United States, 521 U.S. 898, 935 (1997).

### IV. The People Possess the Right—and Civic Duty—to Resist Tyranny

American constitutional tradition recognizes that resistance to tyranny is lawful when government abandons constitutional restraint.

**The Declaration of Independence affirms that when government becomes destructive of fundamental rights, it is the Right of the People to alter or abolish it.**

The Supreme Court has acknowledged that the Constitution presupposes a vigilant citizenry.

West Virginia State Bd. of Educ. v. Barnette, 319 U.S. 624, 641 (1943).

This duty is exercised lawfully—through courts, injunctions, public challenge, and by any other means necessary so the people are not to be subjected to unconstitutional power.

### V. The Judiciary Has an Affirmative Duty to Arrest Tyranny at Its Inception

Courts exist not only to resolve disputes but to check abuses of power before they metastasize.

Judicial intervention is warranted when patterns of conduct demonstrate contempt for constitutional limits.

Boumediene v. Bush, 553 U.S. 723, 742 (2008).

Failure to act risks normalizing executive lawlessness and signaling judicial acquiescence.

CONCLUSION

This Court should recognize that the conduct challenged by Plaintiffs implicates the Constitution's most fundamental safeguard: protection against tyranny.

The question is not whether immigration laws may be enforced.

It is whether they may be enforced without law, without limits, and without accountability.

For these reasons, Amicus Curiae respectfully urges the Court to grant the relief sought by Plaintiffs and reaffirm that no executive authority stands above the Constitution, the States, or the People.

Respectfully submitted,

Elder Mmoja Ajabu

Director of Pan-Afrikan Affairs

Black Panther Movement

Amicus Curiae

P.O. Box 2696, Indpls, IN 46206

**Ajabum15@gmail.com**

1 844 848 6489 x3

Elder M. Ajabu
P.O. Box 2696
Indpls, IN 46206

RECEIVED
JAN 28 2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PME
INDIANAPOLIS, IN 46241
JAN 21, 2026
60604
$33.35
RDC 07
S2324D502737-09

POJ 1-23

JAN 23 REC'D

U.S.
219
C.
ATT: Clerk of Court

# UNITED STATES POSTAL SERVICE — PRIORITY MAIL EXPRESS

EJ 724 109 465 US

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT) PHONE ( )
Elder M. Ajabu
PO Box 2696
Indpls, IN 46206

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery
☐ Sunday/Holiday Delivery Required
☐ 10:30 AM Delivery Required

TO: (PLEASE PRINT) PHONE ( )
US District Court 4
Northern District Ill
219 South Dearborn St.
Chicago, IL 60604

ZIP + 4: 60604-

**ORIGIN (POSTAL SERVICE USE ONLY)**
☒ 1-Day  ☐ 2-Day  ☐ Military  ☐ DPO
PO ZIP Code: 46241
Scheduled Delivery Date: 1/22/26
Postage: $33.25
Date Accepted: 1/21/26
Scheduled Delivery Time: 6pm
Insurance Fee: 0
COD Fee: 0
Time Accepted: 10:25 AM
10:30 AM Delivery Fee: 0
Return Receipt Fee: 0
Live Animal Transportation Fee: 0
Special Handling/Fragile: 0
Sunday/Holiday Premium Fee: 0
Total Postage & Fees: $33.25
Weight: Flat Rate
Acceptance Employee Initials: JW

LABEL 11-B, MARCH 2019   PSN 7690-02-000-9996