UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | Case No. 26-cv-00321 <br><br> Hon. Sara L. Ellis |

**JOINT INITIAL STATUS REPORT**

**1.    The Nature of the Case:**

    **A.    Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

<u>Plaintiff State of Illinois</u>
Cara Hendrickson
Paul Berks
Vikas Didwania (lead trial attorney)
Mary Grieb
Elizabeth H. Jordan
Emily Hirsch
Alexandra L. Reed
Christina M. Beeler
R. Henry Weaver
Office of the Illinois Attorney General
115 S. LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Paul.Berks@ilag.gov
Vikas.Didwania@ilag.gov

<u>Plaintiff City of Chicago</u>
Stephen Kane
Rebecca Hirsch
Chelsey Metcalf (lead trial attorney)
Rachel Zemke

1

John Kauffman
City of Chicago Department of Law
121 N. LaSalle Street, Room 600
Chicago, Illinois 60602
(312) 744-6934
rebecca.hirsch2@cityofchicago.org
Chelsey.Metcalf@cityofchicago.org

<u>Defendants</u>
Andrew I. Warden
Brantley Mayers (lead trial attorney)
Lee Reeves
U.S. Department of Justice
1100 L Street, NW
Washington, D.C. 20005
(202) 616-5084
andrew.warden@usdoj.gov
brantley.t.mayers@usdoj.gov
lee.reeves2@usdoj.gov

      **B.    Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

The State of Illinois and the City of Chicago (Plaintiffs) filed a complaint alleging that Defendants lawlessly rampaged through Illinois and Chicago in an effort to punish Plaintiffs for adopting immigration policies they have a right to adopt and to coerce Plaintiffs to abandon those policies, in violation of the Tenth Amendment (Count One). Plaintiffs further allege that Defendants' deployment of U.S. Border Patrol to Illinois, which is not located at an international border, was *ultra vires* (Count Two). Plaintiffs also allege that Defendants implemented seven illegal agency actions that violated the Administrative Procedure Act (APA) and are *ultra vires*. The alleged illegal agency actions concern the use of roving patrols with indiscriminate questioning, the capture of residents' biometric information, warrantless arrests that disregarded statutory requirements, the repeated deployment of riot control weapons, enforcement activity at sensitive locations, the concealment and swapping of license plates, and private trespass.

      There are no counterclaims or third party claims.

    C.    **Briefly identify the major legal and factual issues in the case.**

**<u>Plaintiffs' Position</u>**

The major legal and factual issues are whether Defendants were coercing Illinois and Chicago to abandon their immigration policies, whether Defendants' deployment of U.S. Border Patrol to Illinois, which is not located at an international border, was *ultra vires,* and whether each alleged final agency action by defendant agencies was contrary to law, in excess of statutory authority, or arbitrary and capricious under the APA and *ultra vires*.

**<u>Defendants' Position</u>**

Plaintiffs' complaint raises nineteen claims that should be dismissed for lack of jurisdiction and failure to state claims on which relief can be granted. The major issues the Court may have to address include: (1) whether Plaintiffs' complaint should be dismissed for lack of Article III standing based on Supreme Court precedent prohibiting lawsuits of this type; (2) whether Plaintiffs have alleged a claim for relief under the Supreme Court's narrow anti-commandeering 10th Amendment jurisprudence; (3) whether Plaintiffs have alleged "final agency action" under the APA; (4) whether any final agency action is committed to agency discretion by law under the APA; (5) whether Plaintiffs fall within the zone of interests of the statutes on which they base their claims; and (6) whether Plaintiffs can assert a non-statutory *ultra vires* cause of action.

    D.    **State the relief sought by any of the parties.**

Plaintiffs seek vacatur of each of the alleged unlawful policies under the APA, as well as declaratory and injunctive relief and an award of reasonable fees and costs.

Defendants seek dismissal of the Plaintiffs' complaint with prejudice.

**2.**    **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

    **A.   Identify all federal statutes on which federal question jurisdiction is based.**

Plaintiffs contend this Court has jurisdiction under 28 U.S.C. § 1331. Defendants contend the Court lacks jurisdiction because, among other reasons, Plaintiffs cannot establish Article III standing and Congress has stripped the Court of jurisdiction to grant relief under 8 U.S.C. § 1252(f).

    **B.   If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

        **(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

        **(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

        **NOTE 1:** Individuals are citizens of the state where they are domiciled; that may or may not be the state where they currently reside. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012).

        **NOTE 2:** The report must address whether there is diversity in any case in which pendent jurisdiction over state law claims is asserted, so that the Court may exercise informed discretion about whether to resolve such claims in the event that the federal question claims are resolved or dismissed.

Jurisdiction is not based on diversity or supplemental jurisdiction for any claims.

**3.   Status of Service: Identify any defendants that have not been served.**

All defendants have been served with the complaint.

**4.   Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do <u>NOT</u> report whether individual parties have so consented.**

Counsel have advised the parties that they may proceed before a Magistrate Judge. There is not unanimous consent to proceed before a Magistrate Judge.

5.  **Motions:**

>   **A. Briefly describe any pending motions.**

Currently pending is Plaintiffs' oral request for access to the discovery in *Chicago Headline Club v. Noem*, 25-cv-12173 (N.D. Ill.). *See* Dkt. 32. Defendants do not oppose the request if plaintiffs will be bound by the confidentiality order entered in the *Chicago Headline* case for the *Chicago Headline* discovery. *See* Dkt. 36.

>   **B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**
>
>   **NOTE 3: If the latter, counsel should be prepared to discuss at the Initial Status Hearing the basis of the anticipated motion.**

Defendants intend to move to dismiss the entirety of Plaintiffs' complaint pursuant to Fed. R. Civ. 12(b)(1) and 12(b)(6) on or before March 16, 2026. *See* Fed. R. Civ. P. 12(a)(2). Defendants contend that the Court lacks jurisdiction over this lawsuit and Plaintiffs have failed to state claims upon which relief can be granted. In conjunction with that motion, Defendants also intend to move for a stay of discovery pending resolution of their motion to dismiss.

6.  **Case Plan:**

**Protective Order**

The parties have exchanged draft protective orders and will continue to negotiate expeditiously to either submit an agreed proposed order or narrow the set of contested issues.

**Plaintiffs' Proposal:**

>   **A. Submit a proposal for a discovery plan, including the following information:**

5

**(1) The general type of discovery needed;**

Plaintiffs expect to seek depositions, discovery of documents and other records, including but not limited to the administrative record, internal memoranda, emails, meeting notes, law enforcement reports, and Body Worn Camera videos, interrogatories, and requests for admissions concerning the deployment of U.S. Border Patrol to the interior of the United States, Defendants' policies related to so-called "sanctuary" jurisdictions and implementation of immigration enforcement within these jurisdictions, and as to each APA claim. Plaintiffs will oppose Defendants' request to stay discovery if such a request is filed. To avoid delays, Plaintiffs propose that the Court establish a briefing schedule for a motion to stay discovery, with Defendants' motion due on March 16, 2026.

**(2) A date for Rule 26(a)(1) disclosures;**

March 20, 2026

**(3) First date by which to issue written discovery;**

March 27, 2026

**(4) A fact discovery completion date;**

- Complete administrative record for each alleged APA claim: April 24, 2026
- All other fact discovery: July 31, 2026

**(5) An expert discovery completion date, including dates for the delivery of expert reports; and**

- The party bearing the burden of proof on any claim or defense shall submit its expert witness report in support of that claim or defense by: August 31, 2026
- Rebuttal expert reports shall be submitted by: September 30, 2026

- Completion of expert discovery: November 13, 2026

**(6) A date for the filing of dispositive motions.**

December 15, 2026

**B. With respect to trial, indicate the following:**

**(1) Whether a jury trial is requested; and**

**(2) The probable length of trial.**

Plaintiffs request a jury trial and expect the trial to last approximately three weeks.

**Defendants' Proposal:**

The Court should not establish any discovery deadlines until the Court resolves Defendants' forthcoming motion to dismiss. Defendants are in the process of preparing a motion to dismiss that will explain the myriad ways this lawsuit fails on jurisdictional and merits grounds. *See, e.g.*, *United States v. Texas*, 599 U.S. 670 (2023) (concluding that two states lacked Article III standing to challenge DHS's immigration enforcement policies because their alleged injuries were not legally and judicially cognizable); *Haaland v. Brackeen*, 599 U.S. 255, 295 (2023) (holding that "a State does not have standing as *parens patriae* to bring an action against the Federal Government"); *Minnesota v. Noem*, No. 26-CV-190 (KMM/DJF), 2026 WL 253619, at *11 (D. Minn. Jan. 31, 2026) (concluding that a nearly identical 10th Amendment claim by the State of Minnesota was not likely to succeed on the merits). Defendants also intend to file a motion to stay discovery pending resolution of that motion. *See, e.g.*, *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008) ("Stays are often deemed appropriate where the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in cases such as this one, discovery may be especially burdensome

7

and costly to the parties."). Because the time for Defendants to respond to the complaint has not yet run, it would be premature to set any deadlines for discovery until Defendants have received a fair opportunity to present their well-founded motions to the Court for resolution.

In any event, the proposed discovery plan that Plaintiffs propose above has numerous flaws, ignores governing law, and would impose undue and disproportionate discovery burdens on Defendants. For starters, 15 of the 19 claims in the complaint are brought pursuant to the APA, where discovery is not permitted as a matter of course and trials are not contemplated. Instead, "under the APA, review is confined to the administrative record to determine whether, based on the information presented to the administrative agency, the agency's decision is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009). "The court is supposed to make its decision on the basis of the administrative record, not create its own record." *USA Grp. Loan Servs., Inc. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996); *see also* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting actions based on an administrative record from initial disclosure requirement). The remaining claims present pure issues of law that can resolved without the need for any discovery, such as whether CBP has the legal authority to operate in Chicago (Claim 3), or whether Plaintiffs can assert causes of action under a non-statutory *ultra vires* theory or the Declaratory Judgment Act (Claims 18 & 19). *See, e.g.*, *Nuclear Regul.* Comm'n v. Texas, 605 U.S. 665, 681-82 (2025) (stating that *ultra vires* claims are considered a "Hail Mary pass" and they "rarely succeed[]"); *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-74 (1950) (holding that Declaratory Judgment Act does not provide an independent cause of action and simply "enlarged the range of remedies available in the federal courts but did not extend their jurisdiction").

In these circumstances where Plaintiffs contemplate burdensome, intrusive discovery on

an unreasonable expedited schedule about more than a dozen wide-ranging purported agency policies, the Court should not allow discovery or production of any administrative records to proceed before resolving Defendants' motion to dismiss. In *In re United States*, 583 U.S. 29 (2017), the Supreme Court was confronted with a lower court order requiring the Government to disclose numerous documents in an APA case, entered prior to the lower court's resolution of the Government's threshold defenses. The Supreme Court held that the district court should have "first resolved the Government's threshold arguments" before ordering disclosure, because "those [threshold] arguments, if accepted, likely would eliminate the need for" such disclosure. *In re United States*, 583 U.S. at 31-32. That holding is directly applicable here: this Court should not allow discovery to proceed or set a schedule before resolving Defendants' threshold arguments, any of which, if accepted, would eliminate or significantly narrow the need for discovery. *See id.* In the event any of Plaintiffs claims survive Defendants' motion to dismiss, the parties can confer on an appropriate schedule for further proceedings commensurate with the scope of the claims that remain.

7. **Status of Settlement Discussions:**

    A. **Indicate whether any settlement discussions have occurred;**

    B. **Describe the status of any settlement discussions; and**

    C. **Whether the parties request a settlement conference.**

    **NOTE 4: Do NOT provide the particulars of any demands/offers that have been made.**

Settlement discussions have not occurred, and the parties do not request a settlement conference at this time.

| | |
|---|---|
| KWAME RAOUL<br>*Attorney General of Illinois*<br><br>by: */s/  Vikas Didwania*<br><br>CARA HENDRICKSON<br>Executive Deputy Attorney General<br>PAUL BERKS<br>VIKAS DIDWANIA<br>Complex Litigation Counsels<br>MARY GRIEB<br>ELIZABETH H. JORDAN<br>EMILY HIRSCH<br>ALEXANDRA L. REED<br>CHRISTINA M. BEELER<br>R. HENRY WEAVER<br>Assistant Attorneys General<br>Office of the Illinois Attorney General<br>115 South LaSalle Street<br>31st Floor<br>Chicago, Illinois 60603<br>(312) 814-3000<br>Vikas.Didwania@ilag.gov<br><br>*Counsel for Plaintiff State of Illinois* | BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>by: */s/ Andrew I. Warden*<br><br>ANDREW I. WARDEN (IN # 23840-49)<br>Assistant Branch Director<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street, N.W. Washington, D.C. 20005<br>Telephone: (202) 616-5084 Email:<br>Andrew.Warden@usdoj.gov<br><br>*Counsel for Defendants* |

MARY B. RICHARDSON-LOWRY
Corporation Counsel of the City of Chicago

By: /s/ Chelsey Metcalf
Stephen Kane
John Hendricks
Rebecca Hirsch
Chelsey Metcalf
Rachel Zemke
Psalm Brown
John Kauffman
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
312-744-6934
Chelsey.Metcalf@cityofchicago.org

*Counsel for Plaintiff City of Chicago*