**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants | Case No. 26-cv-00321 <br><br> Hon. Sara L. Ellis <br> U.S. District Judge |

## MOTION TO CLARIFY SCOPE OF DISCOVERY STAY

Several other cases filed in this district and around the country raise claims similar to those raised in this case, often based on similar facts. The federal government has produced discovery in some of those cases. Plaintiffs intend to serve subpoenas on the plaintiffs in those cases to obtain the relevant discovery. This approach will allow Plaintiffs to progress this case expeditiously, while imposing minimal burdens on Defendants and giving them the opportunity to object to any subpoenas they believe to be improper. It also will allow Plaintiffs to propose a discovery schedule—as ordered by this Court—that is better-informed, having had the opportunity to evaluate the nature of the relevant records.

The Court stated at the last hearing that the parties did not "need to jump full bore into discovery right now" because "things are quiet," and that "it's a lot more efficient" to await the outcome of Defendants' motion to dismiss so that "discovery [can] be more focused." Ex. 1, Tr. 11. In accordance with the Court's instructions,

1

Plaintiffs have not served or sought any discovery, but seek clarification that they can seek third-party discovery during the pendency of Defendants' motion to dismiss.

## BACKGROUND

On January 12, 2026, the State of Illinois and the City of Chicago (Plaintiffs) filed a complaint alleging, among other things, that Defendants implemented seven illegal agency actions that violated the Administrative Procedure Act (APA) and are *ultra vires*: the use of roving patrols with indiscriminate questioning, the capture of residents' biometric information, warrantless arrests that disregarded statutory requirements, the repeated deployment of riot control weapons, enforcement activity at sensitive locations, the concealment and swapping of license plates, and private trespass. Dkt. 1. Briefing on Defendants' motion to dismiss is ongoing. This Court is set to rule on the motion to dismiss by July 30, 2026.

At the last status hearing on February 19, 2026, the Court explained that, for the sake of efficiency, it did not want to "jump full bore" into discovery during the pendency of the motion to dismiss. Ex. 1, Tr. 11. The Court also expressed a desire to keep the case moving by directing the parties to discuss discovery of the administrative record, continue to negotiate over the Protective Order, and be prepared to propose a discovery schedule at the July 30 status hearing. *Id*. at 12-15.

## ARGUMENT

Numerous cases have been filed around the country against Defendants raising similar claims based on similar factual allegations. In some of these cases, Defendants have produced discovery that is relevant to the claims in this case. For

2

example, *Castanon Nava v. DHS*, 18-cv-03757 (N.D. Ill.) (Cummings, J.), raises similar claims concerning warrantless arrests and was cited in the complaint in this case. The federal government has produced significant discovery in the case related to warrantless arrests.

To take another example, *Vasquez Perdomo v. Noem*, 25-cv-05605 (C.D. Cal.), raises similar claims by private parties and local government entities concerning roving patrols and warrantless arrests, among others. The *Vasquez Perdomo* Court ordered the federal government to produce discovery, such as on trainings and the nature of warrantless stops. *See, e.g.*, *Vasquez Perdomo*, 25-cv-05605, Dkt. 223.

Pursuant to Federal Rule of Civil Procedure 45, Plaintiffs here seek to serve third-party subpoenas on plaintiffs in these similar cases to obtain the discovery that was produced to them by the federal government. Such third-party discovery will impose minimal burdens on Defendants while efficiently progressing this case. Plaintiffs will be able to start reviewing the voluminous documents instead of waiting until August or later. This targeted approach avoids the "full bore" discovery the Court expressed concern about. The discovery also will allow Plaintiffs to be better informed when proposing a discovery schedule at the next status hearing on July 30. Plaintiffs will have a better understanding of the types of records and the resources needed to review them. *See Tamburo v. Dworkin*, 2010 WL 4867346 (N.D. Ill. Nov. 17, 2010) (explaining that a Rule 12(b)(6) motion does not automatically stay discovery and adopting the Sedona Conference principle "to conduct discovery in phases, starting with discovery of clearly relevant information located in the most

accessible and lease expensive sources. Phasing discovery in this manner may allow the parties to develop the facts of the case sufficiently to determine whether, at a later date, further potentially more burdensome and expensive discovery is necessary or warranted.").  And Defendants will have the opportunity to object any third-party subpoenas they believe are improper.

Plaintiffs seek clarification that they can pursue this third-party discovery. Defendants state that they oppose this motion.

Dated this 15th day of April, 2026.

> KWAME RAOUL
> *Attorney General of Illinois*
>
> By: */s/ Vikas Didwania*
> CARA HENDRICKSON
> Executive Deputy Attorney General
> PAUL BERKS
> VIKAS DIDWANIA
> Complex Litigation Counsels
> Office of the Illinois Attorney General
> 115 South LaSalle Street
> 31st Floor
> Chicago, Illinois 60603
> (312) 814-3000
> Paul.Berks@ilag.gov
> Vikas.Didwania@ilag.gov
>
> MARY B. RICHARDSON-LOWRY
> *Corporation Counsel of the City of Chicago*
>
> By: /s/ Chelsey B. Metcalf
> Rebecca Hirsch
> Chelsey B. Metcalf
> City of Chicago Department of Law
> 121 North LaSalle Street, Room 600

Chicago, Illinois 60602
312-744-6934
chelsey.metcalf@cityofchicago.org
*Counsel for the City of Chicago*