UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | September 16, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

| | | |
|---|---|---|
| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| | |
|---|---|
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None | None |

**Proceedings:** **(In Chambers) Order Granting State of Illinois's Motion to Transfer Motion to Quash [601]**

## I. INTRODUCTION

On July 13, 2026, the State of Illinois filed a motion to transfer the United States's motion for a protective order and motion to quash a subpoena issued in another case by Illinois to the Coalition for Humane Immigrant Rights ("CHIRLA") in the United States District Court for the Northern District of Illinois, and to stay their deadline to respond ("Mtn."). Docket no. 601. The motion to transfer is supported by the declaration of Vikas Didwania ("Didwania Decl."). *Id*. Defendants filed an opposition to the motion ("Opp."), supported by exhibits, on July 31, 2026. Docket no. 639. Illinois filed a reply on August 11, 2026. Docket no. 654.

The court held a hearing on September 8, 2026. After considering the parties' written and oral arguments, the court grants the motion to transfer.

## II. BACKGROUND

This matter arises out of litigation filed in the United States District Court, Northern District of Illinois – *Illinois v. Department of Homeland Security*, case number 26-cv-321 (N.D. Ill.) (the "Illinois litigation"). The State of Illinois and City of Chicago ("Illinois plaintiffs") filed suit against various federal agencies and officials for their actions in an operation in fall 2025 called "Operation Midway Blitz," alleging, among other claims, violations of the Tenth Amendment and the Administrative Procedure Act. Mtn. at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | September 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

On April 23, 2026, the court in the Illinois litigation authorized Illinois plaintiffs to serve third-party subpoenas on plaintiffs in this action. Mtn. at 3-4; *see* Opp, Ex. 1 at 16-17. Illinois plaintiffs served a subpoena on CHRILA on May 14, 2026, calling for, among other things, training and operational documents produced by defendants in this litigation. Mtn. at 4; Opp., Ex. 2. On July 1, 2026, defendants moved in this court for a protective order and to quash the Illinois subpoena. Docket no. 578.

On July 13, 2026, plaintiff Illinois filed the instant motion to transfer the motion to quash to the United States District Court for the Northern District of Illinois. Docket no. 601.

## III. DISCUSSION

Plaintiff Illinois moves to transfer the motion to quash to the Northern District of Illinois on the basis that CHIRLA – the entity subject to the subpoena – has consented to the transfer. Mtn. at 4. Plaintiff further argues that other factors favor transfer, including the lack of burden on CHIRLA and the judicial economy and efficiency in having the Illinois court decide issues that will be raised in the Illinois litigation. *Id*. at 5-6.

### A. Rule 45(f)

Rule 45(f) of the Federal Rules of Civil Procedure provides:

> When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances. Then, if the attorney for a person subject to a subpoena is authorized to practice in the court where the motion was made, the attorney may file papers and appear on the motion as an officer of the issuing court. To enforce its order, the issuing court may transfer the order to the court where the motion was made.

Fed. R. Civ. P. 45(f).

Rule 45(f) does not define "exceptional circumstances," but the Advisory Committee Notes to Rule 45 provide guidance:

> In the absence of consent, the court may transfer in exceptional circumstances, and the proponent of transfer bears the burden of showing that such circumstances are present. The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.* (advisory committee notes); *see In re Subpoena Qualcomm Inc.*, 2025 WL 42510, at *3 (S.D. Cal. Jan. 7, 2025). In addition to the circumstances described in the Advisory Notes, courts have also considered other factors, including "'the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation.'" *E4 Strategic Sols., Inc. v. Pebble Ltd. P'ship*, 2015 WL 12746706, at *3 (C.D. Cal. Oct. 23, 2015) (citation omitted).

## B. <u>CHIRLA Consents to Transfer of the Motion to Quash</u>

Here, CHIRLA – the entity subject to the subpoena at issue, and a party in this case but not in the Illinois litigation – has consented to transfer of the motion to quash to the Northern District of Illinois. Didwania Decl. ¶ 6; *see* Mtn. at 2-4. Defendants argue that even though they are not the subpoenaed party, it is their interests that are implicated and they do not consent to the transfer. Opp. at 8, 11-13. None of the cases defendants cite support their argument that their consent is necessary, as opposed to CHIRLA's. *See, e.g., In re Google LLC*, 2024 WL 217842, at *2 (N.D. Cal. Jan. 19, 2024) (finding transfer warranted where subpoenaed third party consented to transfer). Indeed, the plain

language of Rule 45(f) is clear – transfer may be effectuated "if the person subject to the subpoena consents." Fed. R. Civ. 45(f).

As discussed further below, defendants' arguments about their interests are relevant to their motion to quash. But whether they consent to the transfer of the motion to quash to the Northern District of Illinois is irrelevant to whether the court may grant the motion to transfer. Simply put, because CHIRLA has consented, the court may grant the motion to transfer on this basis alone. *See, e.g., B&G Foods N. Am., Inc. v. Embry*, 2024 WL 4631280, at *1 (S.D. Cal. Oct. 30, 2024); *Hall v. Marriott Int'l Inc.*, 2021 WL 3129598, at *2 (N.D. Cal. Jul. 31, 2021).

Although CHIRLA's consent gives the court discretion to transfer the motion to quash, CHIRLA's consent does not require the court to grant the motion to transfer. The court therefore also considers whether exceptional or other circumstances favor transfer.

## C. <u>The Balance of Circumstances Favor Transfer</u>

### 1. <u>Judicial Economy and Case Management</u>

Plaintiff Illinois argues the particular facts of this case warrant transfer in order to avoid disrupting the issuing court's management of the Illinois litigation and for judicial economy. Mtn. at 6. Plaintiff maintains the Illinois court can better handle questions concerning the scope of its authorization and the relevance of the materials. *See* Reply at 5. Plaintiff also notes the Illinois court has acknowledged that it will have to address these same issues in the Illinois litigation. Mtn. at 6; Reply at 5; *see* Opp., Ex. 1 at 15:12-14. Defendants disagree. Defendants argue the Illinois litigation is in the initial stages so the Illinois court's general familiarity with the issues in the case does not rise to an exceptional circumstance. Opp. at 13-14. Defendants assert, instead, this court is better suited to adjudicate the motion to quash because it has more familiarity with the issues since discovery in this case has been proceeding for nearly a year. *See* Opp. at 14. Moreover, any rulings here would not conflict with any decision in the Illinois court or disrupt its case management given its procedural posture. *See id*. at 13-14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | September 16, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

The court agrees that judicial economy generally supports transfer of the motion to quash. Two issues in the motion to quash are the scope of the Illinois court's authorization and the relevance of the documents requested. *See* Motion to Quash at 8. Defendants do not address plaintiff's assertion that the Illinois court is better situated to address questions concerning the scope of its authorization than this court, and there can be no reasonable dispute that the Illinois court can best address its own decision. Defendants' argument that this court is better suited than the Illinois court to adjudicate questions about the relevance of the discovery to the Illinois litigation is not persuasive. *See* Opp. at 14. That this court may presently be more familiar with the documents at issue in the Illinois subpoena does not make it better suited to decide the relevance those documents to the Illinois litigation. *See* Motion to Quash at 8-10. The Illinois court is plainly better situated to make such a determination.

Defendants' contention that any ruling by this court on the motion to quash would not conflict with any decision in the Illinois court, given that the Illinois litigation is in its initial stages, is a red herring. As the Illinois court recognized and defendants acknowledged during the hearing on the motion to transfer, regardless of how this court has ruled on relevance and privilege issues in this case, defendants intend to raise all arguments in the Illinois court. *See* Opp., Ex. 1 at 15:12-14.

Accordingly, as to many of the issues raised in the motion to quash, the Illinois court is far better suited to decide the motion.

**2. <u>Burden to Defendants</u>**

The motion to quash also raises issues about the burden the Illinois subpoena might place on the litigation in this court, given the privilege claims defendants have made in this case about the documents at issue. *See* Motion to Quash at 11-14. Defendants' arguments in opposition to transfer primarily center on their interests and the potential burdens to them if the subpoena is not quashed. But although at first blush it may appear this court is better suited to address such arguments in the motion to quash, on balance these arguments do not warrant denying the motion to transfer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | September 16, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

First, defendants assert that if the Illinois court does not quash the subpoena in its entirety, that determination will necessarily conflict with the protective order in this case, which provides that confidential information shall not be disclosed or used for any purpose outside of this case absent court order. Opp. at 15-16. Thus, further proceedings before this court will be necessary to reconcile defendants' conflicting legal obligations if the Illinois Court does not quash the subpoena. *Id*. at 16. Second, defendants contend that, in the event the motion to quash is denied by the Illinois court, such order will have significant ramifications on this litigation. *See* Opp. at 16-17. Specifically, defendants argue that it would have to re-review all the documents before CHIRLA may comply with the subpoena and produce them and that process will prevent them from engaging in plenary discovery in this case. Finally, defendants assert that they have pending objections as to attorney-client, work product, and law enforcement privileges and scope and if they prevail on their objections, they are entitled to claw back previously produced materials. *Id*. at 18. Defendants maintain this would become a "significant, unraveling logistical burden," in part because plaintiffs are not subject to the protective order in this case and thus further redactions need to be made. *Id*. at 18.

Defendants' arguments rest in large part on their mischaracterization of the protective order in this case. The protective order in fact specifically contemplates Rule 45 subpoenas. *See* docket no. 247 ¶ E(7). It sets forth the procedures a party must follow if served with a Rule 45 subpoena seeking documents designated "Confidential Information" or "Confidential–Attorneys' Eyes Only Information," and permits disclosure if the designating party has had notice and either does not object to the production of the requested information or a court has denied the designating party protection to prevent disclosure. *See id*. The protective order expressly provides:

> Nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court. In the event that Confidential Information or Confidential–Attorneys' Eyes Only Information is produced to a nonparty to this Action in response to a subpoena, such Confidential Information shall continue to be treated in accordance with the designation as Confidential Information or Confidential–Attorneys' Eyes Only Information by the parties to this Action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 2:25-cv-05605-MEMF-SPx | Date | September 16, 2026 |
|---|---|---|---|
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

*Id*. The protective order also provides that any persons who receive "Confidential Information" or "Confidential–Attorneys' Eyes Only Information" shall be subject to the protective order. *Id*. ¶ E(8). Thus, the denial of the motion to quash by the Illinois court would neither conflict with nor necessitate a modification of the protective order in this case.

Defendants' other arguments are largely premature. They contend that if the motion to quash is denied they would have to re-review all the documents before CHIRLA may comply with the subpoena and produce them, and that process will prevent them from engaging in plenary discovery in this case. This is an argument going to the merits of their motion to quash. But it is not one that is necessarily better decided by this court rather than the Illinois court. Exactly what would be required from defendants if their motion to quash is denied is something better determined and managed by the Illinois court since it implicates, among other things, the protective order in the Illinois litigation, and whether a claw back agreement similar to the one in this case might also be reached in the Illinois litigation.

Defendants likewise exaggerate the anticipated burden claw back would entail should they prevail on their objections pending in this case. Illinois plaintiffs have already agreed to abide by the same claw back agreement in place in this case. Thus, if claw back were required, defendants presumably could claw back the same documents from Illinois plaintiffs that they would from plaintiffs in this case. Defendants argued at the hearing on this motion that this court's privilege rulings will not restrict them from rearguing such matters in the Illinois case, hence their lack of interest in a claw back agreement with Illinois plaintiffs at this time. But it is precisely because defendants intend to again litigate before the Illinois court the privilege issues concerning the documents covered by the subpoena that the motion to quash is better heard by the Illinois court in the first instance.

In short, defendants' burden arguments in the motion to quash implicate this litigation, but that does not mean such arguments are better decided by this court given how such matters are intertwined with the management of the Illinois litigation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-05605-MEMF-SPx | Date | September 16, 2026 |
| Title | Pedro Vasquez Perdomo, et al. v. Markwayne Mullin, et al | | |

### 3. No Significant Burden to Local Nonparty

The "prime concern" in deciding a motion to transfer is to avoid burdening "local nonparties" subject to the subpoena. Fed. R. Civ. P. 45(f) (advisory committee's notes). Here, there is no significant burden on CHIRLA, which has consented to the motion to transfer. While the subpoena may burden defendants as discussed above, they are not local nonparties. Both this case and the Illinois litigation have effectively the same defendants, who are various federal officials and agencies.[1] Defendants will have to deal with the same issues regardless of which court adjudicates the motion to quash. Accordingly, transfer is appropriate under the circumstances of these cases.

## IV. ORDER

For the foregoing reasons, the court GRANTS the motion to transfer (docket no. 601). The court directs the Clerk of Court to transfer defendants' motion for protective order and motion to quash (docket no. 578) to the United States District Court for the Northern District of Illinois for decision by the issuing court in the matter of *State of Illinois v. Department of Homeland Security*, case number 26-cv-321. The Illinois plaintiffs' deadline to respond to the motion for protective order and motion to quash shall be determined by the rules and orders of the United States District Court for the Northern District of Illinois.

[1] Indeed, defendants recognize this themselves and do not differentiate between the defendants in the two cases. Although the real party in interest, the United States of America is not named as a defendant in either the Illinois litigation or this case, it was the United States that filed the motion to quash. Moreover, the list of defendants who oppose the motion to transfer appears to be a combination of defendants from both cases.