**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 26-cv-321<br><br>Hon. Sara L. Ellis,<br>District Judge |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF FILING OF REQUESTED MATERIALS**

Plaintiffs respectfully file this response to Defendants' Notice of Filing of Requested Materials, ECF No. 93, to assist the Court in its review.

On October 8, 2026, the Court heard argument on Defendants' motion to quash Plaintiffs' third-party subpoena. *See* ECF Nos. 83, 95. At the hearing, the Court instructed Defendants to provide the Court with the requests for production received in *Vasquez Perdomo v. Mullin*, No. 2:25-cv-05605-MEMF-SP (C.D. Cal.), that resulted in the productions at issue in this subpoena. The Court requested these materials to aid in determining whether the documents Plaintiffs seek are relevant to their claims regarding the existence and implementation of Defendants' roving patrols, warrantless arrests, and sensitive locations policies. *See CSI Worldwide, LLC v. Trumpf, Inc.*, No. 1:18-CV-05900, 2022 WL 22974447, at *3 (N.D. Ill. Aug. 9, 2022) ("Relevancy in the context of discovery 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Defendants filed 176 pages of exhibits consisting of their responses and objections to seven different sets of requests for production from various plaintiffs and intervenors in *Vasquez Perdomo*. Of Defendants' voluminous filing, only Exhibit 6, Defendants' responses and objections to Plaintiff Coalition for Humane Immigrant Rights' ("CHIRLA") expedited requests for production, are relevant here. That document is located at ECF No. 93-6.

Plaintiffs' third-party subpoena was served solely on CHIRLA. The materials sought in that subpoena were tailored to cover only the relevant materials that CHIRLA received in response to its expedited requests (Exhibit 6). Specifically, Plaintiffs sought the limited set of documents that CHIRLA received in response to its requests that are related to Plaintiffs' claims regarding the roving patrols, warrantless arrests, and sensitive locations policies, in addition to Plaintiffs' Tenth Amendment claim. Given the significant overlap in requests, CHIRLA, the recipient of the subpoena, did not object that the subpoena sought irrelevant information. Because Defendants are not a party to the subpoena – which was issued to CHIRLA – they lack standing to object on the grounds of relevance. *See* ECF No. 89, at 5. Nevertheless, they have done so.

Plaintiffs' subpoena contains five requests. Only requests 1 through 3 are the subject of Defendants' motion to quash[1]:

- Request 1 is for a subset of the "training or guidance provided to agency personnel related to roving patrols, warrantless arrests, and actions at sensitive locations" as identified in CHIRLA's Request for Production No. 1.
- Request 2 is for "documents relating to the conduct of operations between June and September, 2025," as specified in CHIRLA's Request for Production No. 2, that relate to the challenged roving patrols, warrantless arrests, and sensitive locations policies.
- Request 3 is for a subset of communications specified in CHIRLA's Request for Production No. 3 "concerning roving patrols, warrantless arrests, or actions at sensitive locations."

[1] Plaintiffs and Defendants have reached a resolution on Requests 4 and 5. *See* ECF No. 83 at 13, n.1.

For the Court's reference, Plaintiffs' requests to CHIRLA are attached here as Exhibit A.[2]

Dated: October 15, 2026

Respectfully submitted,

KWAME RAOUL
*Attorney General of Illinois*

By: */s/ Molly Petchenik*
CARA HENDRICKSON
Executive Deputy Attorney General
PAUL BERKS
VIKAS DIDWANIA
Complex Litigation Counsels
MOLLY PETCHENIK
Assistant Attorney General
Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Vikas.Didwania@ilag.gov
*Counsel for the State of Illinois*

RENEE CAMILLE HATCHER
*Acting Corporation Counsel of the City of Chicago*

By: */s/ Rebecca Hirsch*
Stephen Kane
John Hendricks
Rebecca Hirsch
Chelsey Metcalf
Rachel Zemke
Psalm Brown
John Kauffman
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
(312) 744-6934
stephen.kane@cityofchicago.org
*Counsel for the City of Chicago*

[2] Defendants attached an earlier version of the subpoena as an exhibit to their motion to quash. Exhibit A, attached here, is the operative version, which was re-issued with a minor correction.