# Exhibit A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 26-cv-321<br><br>Hon. Sara L. Ellis,<br>District Judge |

**SCHEDULE A TO SUBPOENA TO NON-PARTY COALITION FOR HUMANE IMMIGRANT RIGHTS**

Pursuant to Federal Rules of Civil Procedure Rules 26, 34, and 45, Plaintiffs State of Illinois and City of Chicago (Plaintiffs) hereby request that Coalition for Humane Immigrant Rights (CHIRLA) produce the following documents and tangible things at the office of the Illinois Attorney General, 115 S. LaSalle St., Chicago, Illinois, 60603, no later than twenty-one days from the service of this subpoena, unless otherwise agreed to by the parties or required by any scheduling order entered in this action. The Definitions and Instructions below are an integral part of the Request and must be read in conjunction with them and followed when responding to the Request.

**DEFINITIONS**

Plaintiffs incorporate by reference all instructions, definitions, and rules in the Federal Rules of Civil Procedure. Unless words or terms have been given a specific definition here, each word or term shall be given its usual and customary definition. The terms defined here should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the Federal Rules of Civil Procedure. The following definitions apply to the Request:

A. The term the "Vasquez Perdomo Action" refers to *Vasquez Perdomo v. Mullin*, No. 2:25-cv-05605-MEMF-SP (C.D. Cal.).

B. The term "person" means any natural person or any business, legal, or governmental entity or association or any other cognizable entity, including, without limitation, corporations, and governmental agencies or instrumentalities.

C. The terms "you," "your," "Coalition for Humane Immigrant Rights," or "CHIRLA" refers to CHIRLA, a plaintiff in the Vasquez Perdomo Action, and includes any persons or entities acting for CHIRLA or its counsel.

D. The term "Vasquez Perdomo Defendants" refers to any or all current or former Defendants in the Vasquez Perdomo Action, and all their agents, employees, successors, representatives, attorneys, and any other person acting on their behalf.

E. The term "agency personnel" means any person employed by, or working at the direction of, an agency of the United States Government who is managed, directed, or overseen by any Vasquez Perdomo Defendant or who employs any Vasquez Perdomo Defendant, including officers, managers, employees, agents, attorneys (including outside counsel), representatives, contractors, staff, and other persons working for any such agency.

F. The term "roving patrol" means a civil immigration enforcement action that is not a targeted action against an individual identified through prior investigation.

G. The term "Administrative Warrant" refers to any non-judicial warrant issued for the arrest of an individual for a civil immigration violation, including any electronically stored equivalents. Administrative Warrant includes but is not limited to DHS Form I-200.

H. The terms "Notice to Appear" and "NTA" refer to administrative charging document DHS Form I-862, Notice to Appear.

I. The term "warrantless arrest" means any arrest made by any agency personnel pursuant to 8 U.S.C. § 1357(a)(2), without or prior to the issuance of an Administrative Warrant or pursuant to an Administrative Warrant without an accompanying NTA.

J. The term "action at a sensitive location" means a civil immigration enforcement action at or near a school, courthouse, hospital, healthcare provider, shelter, or social service provider.

K. The term "training or guidance" means any documents, communications, or updates, either oral or written, to any agency personnel, including instructors' notes, for the purpose of informing or educating them on a subject.

L. "Communication" includes any oral or written transmission or disclosure of information in any form, including email, letter, memorandum, notes, telephone call, voicemail, text message, facsimile, social network post or message, Internet chat, electronic medium, or messaging application, and any document, in any form, that comprises, embodies, memorializes, reflects, or refers to any such transmission of information..

M. "Document" means the original and any non-identical copy of any recorded material in any form and however stored, produced, or reproduced, as broadly defined in Rule 34 of the Federal Rules of Civil Procedure, including papers of all kinds; communications; reports; letters; memoranda; directives; notes; messages; correspondence; announcements; contracts; agreements; leases; writings; drawings; graphs; charts; photographs; sound recordings; images; manuals; Internet files; articles; publications; website contents; audio files; data compilations; e-mail messages; voice mail messages; text messages, instant messaging messages (including Slack messages); chatroom messages; cloud-based documents and communications; marketing materials; training materials; computer

programs in source and object code; corporate minutes; e-mail attachments, social media postings, "likes," "shares," and messages (including photo and video files); videos, and material stored in any data or computer storage system, including all Electronically Stored Information (ESI); and any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically.

N. "Including" means "including, but not limited to," or "including, without limitation," and should not be construed as limiting any request.

O. "Relating to" shall be construed broadly and means, without limitation, addressing, analyzing, assessing, bearing on, commenting on, comprising, constituting, concerning, considering, containing, depicting, describing, discussing, embodying, evidencing, explaining, identifying, involving, pertaining to, referring to, reflecting, regarding, respecting, setting forth, stating, studying, supporting, or tending to support or refute, or referring or connected in any way, directly or indirectly, in whole or in part, to the subject of the inquiry.

**INSTRUCTIONS**

Plaintiffs incorporate by reference all instructions, definitions, and rules in the Federal Rules of Civil Procedure. For the purposes of this Request, the following instructions apply:

A. Unless otherwise specified, the Request encompasses documents and information in your possession, custody, or control or within the knowledge, possession, custody, or control of any person or entity acting on your behalf during the pendency of or period covered by the Vasquez Perdomo Action. This encompasses documents and information that existed during the pendency of the Vasquez Perdomo Action, even if they were created before the Vasquez Perdomo Action was initiated.

B. You must fully respond, search for, and produce all Documents and Communications responsive to the Request.

C. The following rules of construction shall apply to the Request:

   a. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa.

   b. All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tense so used, and vice versa.

   c. The words “or” and “and” are inclusive, referring to anyone or more of the disjoined words or phrases, and “any” and “all” also include “each” and “every.”

   d. Whenever the words, “all,” “any,” “each,” “every,” “includes,” “including,” “or,” “and,” “relating to,” “relates to,” and “related to,” are used in this Request, the word is to be broadly interpreted to bring within the scope of this Request any document or response that might otherwise be construed as outside its scope.

   e. The word “between” shall be construed as “between and/or among,” and is to be broadly interpreted to bring within the scope of this Request any document or response that might otherwise be construed as outside its scope.

D. All documents shall be produced in their original form and shall include all marginalia, attached notes, or other hand-written notations, as well as any attachments referred to or incorporated by the document. In lieu of providing the original of any document requested below, you may provide a clear and accurate photocopy of the document.

E. All Electronically Stored Information (ESI) is to be produced in the form in which it is ordinarily maintained (native format).

F. If a document cannot be produced in electronic format, it must be produced in hard copy,

paper format. If a document's original form was electronic, you must produce it electronically, preserving all information regarding the document (e.g., its creation and modification dates, its location within a storage device's file structure, etc.). All metadata must be preserved and produced with each electronic document.

G. Produce documents in the order in which they are maintained in the ordinary course of business, without shuffling or rearranging them. Fasten all hard copy, paper documents in the same manner as the originals, whether stapled, clipped, or otherwise fastened.

H. Mark each page of every document produced, whether by paper or electronically, with a consecutive number. Place the numbers at the lower right-hand corner of each page without obscuring any information on the document. If the documents produced bear a pre-existing numbering system, that system may be used provided that you identify the number range(s) being produced and any associated prefix or other part of the numbering system.

I. If any portion of a document is responsive to a request, produce the entire document.

J. If there are no documents responsive to a particular request, state so in writing.

K. In the event any Document is withheld on the basis of the attorney-client privilege, work product doctrine, or any other right to non-disclosure on any other basis, produce a Privilege Log in accordance with Federal Rules of Civil Procedure.

L. If you object to production in response to a specific request, state with particularity the basis for all objections with respect to such request. Respond to any and all portions of any request that do not fall within the scope of your objection.

M. If you, at any time, had possession or control of any document called for under a production request, and if such document has been lost, destroyed, or is not presently in your possession or control, you shall submit a written statement that: (a) describes in detail the

nature of the document and its contents; (b) identifies the person who prepared the document and its contents; (c) identifies all persons who have seen or had possession of the document; (d) specifies the dates on which the document was prepared, transmitted, or received; (e) specifies the date on which the document was lost, purged, separated, or destroyed, the conditions of and reasons for such purge, separation, or destruction from your possession or control, and the person(s) requesting and performing the purge, separation, or destruction; and (f) identifies all persons with knowledge of any portion of the contents of the document.

N. If, in responding to the Request, you encounter any ambiguity or confusion in construing a Request or a Definition or Instruction, set forth the matter deemed ambiguous, select a reasonable interpretation that you believe resolves the ambiguity, respond using that interpretation, and explain with particularity the construction or interpretation you selected.

O. Your obligation to produce documents and information in response to the Request is continuing. If you identify or locate any responsive documents or information at any time after your response is due, promptly produce it at the place specified in the Request.

P. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

Q. In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

R. No agreement by Plaintiffs or any of their representatives purporting to modify, limit, or otherwise vary the scope or terms of this Request is binding on Plaintiffs unless confirmed

or acknowledged in writing by counsel for Plaintiffs.

**DOCUMENTS TO BE PRODUCED**

The following documents and materials produced to you by any of the Vasquez Perdomo Defendants in the Vasquez Perdomo Action:

1. All training or guidance provided to agency personnel related to roving patrols, warrantless arrests, and actions at sensitive locations on topics including but not limited to: the difference between a consensual encounter and a seizure; the factors that may be considered in deciding whether to initiate a consensual encounter or arrest including a vehicle stop; appropriate use of force; other considerations for initiating and conducting a roving patrol, warrantless arrest, or action at a sensitive location; and documentation requirements for roving patrols, warrantless arrests, and actions at sensitive locations.
2. All documents relating to the conduct of operations between June and September, 2025, including Field Operations Worksheets, targeting sheets, operations plans, pre-operations briefings, intelligence reports, targeting packages, notes, videos (including body camera footage), Administrative Warrants, Form I-213s, database entries, post-operation briefings, after-action reports, other communications describing or characterizing the operations, documents reflecting review of the operations, and documents reflecting any arrest quotas.
3. Communications through messaging of any kind (including text messaging, chats, or messaging through a mobile application) between or including any Vasquez Perdomo Defendants or agency personnel concerning roving patrols, warrantless arrests, or actions at sensitive locations.
4. The Vasquez Perdomo Defendants' response to, and all documents referenced, reviewed, or relied upon by the Vasquez Perdomo Defendants in responding to, CHIRLA's Expedited

Interrogatories to Defendant Noem, Set One, No. 4, Dkt. 211-1.

5. All documents filed with the Court as attachments or evidence in support of any motion, response, or other filing by the Vasquez Perdomo Defendants.

DATED: May 29, 2026

KWAME RAOUL
*Attorney General of Illinois*

by:

*/s/ Vikas Didwania*
CARA HENDRICKSON
Executive Deputy Attorney General
PAUL BERKS
VIKAS DIDWANIA
Complex Litigation Counsels
MARY GRIEB
ELIZABETH JORDAN
EMILY HIRSCH
ALEXANDRA REED
CHRISTINA BEELER
R. HENRY WEAVER
MOLLY PETCHENIK
REBEKAH NEWMAN
Assistant Attorneys General
Office of the Illinois Attorney General
115 South LaSalle Street
31st Floor
Chicago, Illinois 60603
(312) 814-3000
Cara.Hendrickson@ilag.gov

*Counsel for the State of Illinois*

MARY B. RICHARDSON-LOWRY
*Corporation Counsel of the City of Chicago*

By: */s/ Chelsey Metcalf*
Stephen Kane
John Hendricks
Rebecca Hirsch
Chelsey Metcalf
Rachel Zemke

Psalm Brown
John Kauffman
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
312-744-6934
stephen.kane@cityofchicago.org
*Counsel for the City of Chicago*