**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| STATE OF ILLINOIS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | Case No. 26-cv-321 |

**PLAINTIFFS' THIRD UNOPPOSED MOTION FOR LEAVE TO SUBMIT NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully file this Unopposed Motion for Leave to Submit Notice of Supplemental Authority in support of Plaintiffs' Response to Defendants' Motion to Dismiss (ECF No. 59), filed April 22, 2026. The proposed notice is as follows:

On October 20, 2026, after briefing was complete and this Court concluded argument on Defendants' Motion to Dismiss (ECF No. 44), the United States Court of Appeals for the D.C. Circuit issued an opinion reversing a district court order that denied a motion to preliminarily enjoin defendants' sensitive locations enforcement policy. *Mennonite Church USA v. United States Dep't of Homeland Sec.*, No. 25-5209, 2026 WL 3132807, at *1 (D.C. Cir. Oct. 20, 2026). The D.C. Circuit rejected the district court's conclusion that plaintiffs lacked standing to seek to enjoin the policy.

As relevant to the pending motion to dismiss, the D.C. Circuit held that barring defendants from enforcing their sensitive locations policy, and reverting to the prior 2021 policy known as "the Mayorkas Memo," would sufficiently redress the plaintiff religious organizations' asserted injury even though the Mayorkas Memo "left immigration officers with significant discretion" to

conduct enforcement at or near sensitive locations. *Id.* at *9. The appellate court held that "Plaintiffs need not show that a stay of the Rescission Memo will restore the *status quo ante*; they need only show that such equitable relief will cure 'at least some of' their asserted injury." *Id.* at *8 (quoting *Diamond Alt. Energy, LLC v. EPA*, 606 U.S. 100, 114 (2025)). The court further concluded that "a reversion to the Mayorkas Memo . . . likely would alleviate at least some of plaintiffs' asserted injury . . . by discouraging at least some immigration-enforcement activities at or near their members' houses of worship." *Id.* at *9 (internal quotation marks and citation omitted). Accordingly, the plaintiffs established redressability and had standing to seek to enjoin defendants' sensitive locations policy.

This holding and discussion are pertinent to arguments raised in the parties' briefs on defendants' motion to dismiss Counts XI and XII of plaintiffs' complaint, *see* ECF No. 44 at 15, ECF No. 59 at 30-31; ECF No. 62 at 9, 23-25, and responsive to questions the Court raised at the September 2, 2026 hearing on defendants' motion to dismiss, Tr. 98:4-10, 107:15-18, 108:4-18 (Ex. 2).

The D.C. Circuit's decision is attached as Exhibit 1 to this motion. The issue is analyzed at pages *8 through *12 of the attached opinion. A copy of the September 2, 2026 hearing transcript is attached as Exhibit 2.

DATE: October 29, 2026

Respectfully submitted,

KWAME RAOUL
*Attorney General of Illinois*

by: /s/ Alexandra Reed
CARA HENDRICKSON
*Executive Deputy Attorney General*
PAUL BERKS
VIKAS DIDWANIA
*Complex Litigation Counsels*
MARY GRIEB
EMILY HIRSCH
ALEXANDRA REED
MOLLY PETCHENIK
*Assistant Attorneys General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-3000
Alexandra.Reed@ilag.gov

*Counsel for Plaintiff State of Illinois*

RENEE CAMILLE HATCHER
Acting Corporation Counsel of the City of Chicago

By: /s/ Stephen Kane
Stephen Kane
John Hendricks
Rebecca Hirsch
Chelsey Metcalf
Rachel Zemke
Psalm Brown
John Kauffman
City of Chicago Department of Law
121 North LaSalle Street, Room 600
Chicago, Illinois 60602
312-744-6934
Stephen.Kane@cityofchicago.org

*Counsel for Plaintiff City of Chicago*

**CERTIFICATE OF SERVICE**

I, Alexandra Reed, an attorney for the State of Illinois, certify that on October 29, 2026, I caused the foregoing **Motion for Leave to Submit Notice of Supplemental Authority** to be electronically filed via the Court's CM/ECF system and thereby served on all counsel of record.

*/s/ Alexandra Reed*
Assistant Attorney General II